**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0983-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

CHARLES M. LOWY,

     Defendant-Appellant.

_____

Submitted February 13, 2024 – Decided March 13, 2024

Before Judges Whipple and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 18-07-0573.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Stephanie Davis Elson, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Charles M. Lowy appeals from the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. He contends he was entitled to an evidentiary hearing concerning his trial counsel's alleged ineffective assistance. He also argues he is entitled to a new PCR proceeding because his PCR counsel was ineffective. Discerning no merit in those arguments, we affirm largely for the reasons stated by Judge Angelo Servidio in his written decision of September 29, 2022.

We rely on the facts outlined in detail in our opinion affirming defendant's conviction upon direct appeal, State v. Lowy, No. A-0898-19 (App. Div. Feb. 16, 2021) (slip op. at 2-8), and only repeat what is essential to a determination of the issues raised here.

Defendant lived in Jersey City and went to a nearby park every day to feed the pigeons. Defendant was sixty-eight years old, suffered health problems—including spinal stenosis—and required a cane to walk. Defendant became embroiled in an argument with a seventy-seven-year-old man in the park and stabbed him with a knife. Defendant was charged with first-degree murder, N.J.S.A. 2C:11-3(a)(l) or (a)(2); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d); and third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4. Trial commenced on June 25, 2019, and the jury

returned a verdict of not guilty on all counts except for the lesser-included offense of reckless manslaughter. Defendant was sentenced on October 4, 2019. After analyzing the applicable aggravating and mitigating factors, the judge imposed an eight-year sentence with an eighty-five percent parole ineligibility. N.J.S.A. 2C:43-7.2. Defendant's conviction was affirmed on direct appeal.

On August 12, 2021, defendant filed a pro se petition for PCR, and counsel was assigned. PCR counsel supplemented defendant's petition to include the claim that trial counsel was ineffective for failing to call defendant's wife as a character witness.

In his written decision, Judge Servidio denied defendant's petition without an evidentiary hearing. This appeal followed.

Defendant raises the following issues on appeal.

> Point One:
>
> DEFENDANT DEMONSTRATED PRIMA FACIE CLAIMS FOR [PCR] WHICH ENTITLED HIM TO AN EVIDENDTIARY HEARING.
>
> A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS FOR INEFFECTIVE ASSISTANCE OF COUNSEL, EVIDENTIARY HEARINGS AND PETITIONS FOR [PCR].
>
> B. TRIAL COUNSEL'S FAILURE TO RAISE THE DEFENSE OF DIMINISHED CAPACITY AT TRIAL

A-0983-22

CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL.

C. TRIAL COUNSEL'S FAILURE TO CALL DEFENDANT'S WIFE AS A CHARACTER WITNESS CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL.

When a PCR court does not conduct an evidentiary hearing, we review the denial of a PCR petition de novo. State v. Harris, 181 N.J. 391, 420-21 (2004); State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020). A PCR court's decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion. State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (citing State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013)).

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong Strickland test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-prong test in New Jersey).

A PCR petitioner is not automatically entitled to an evidentiary hearing. State v. Porter, 216 N.J. 343, 355 (2013). Rule 3:22-10(b) provides that a defendant is entitled to an evidentiary hearing on a PCR petition only if he or

she establishes a prima facie case in support of PCR, material issues of disputed fact cannot be resolved by reference to the existing record, and an evidentiary hearing is necessary to resolve the claims for relief. Id. at 354 (quoting R. 3:22-10(b)). The PCR court should grant an evidentiary hearing "if a defendant has presented a prima facie claim in support of [PCR]." State v. Preciose, 129 N.J. 451, 462 (1992).

Defendant argues his trial counsel was ineffective in providing him assistance at trial. His chief contention is that his attorney failed to assert a diminished capacity defense based on defendant's alleged bipolar diagnosis and treatment. Additionally, defendant claims counsel should have called his wife as a character witness.

Judge Servidio denied defendant's petition, finding counsel was not ineffective in failing to assert a diminished capacity defense. Although defendant was diagnosed with bipolar disorder, there is no evidence in the record that suggests it affected his cognitive capacity to form the mental state necessary for the commission of the crime. Nothing in the medical records from the jail speaks to defendant's mental state at the time of the offense. After reviewing the record, including medical expert reports, the judge concluded defendant had been treated for his bipolar condition for twenty years prior to the incident and

5

reported being compliant with his medications two days after. The evidence demonstrated defendant was "coherent, logical, alert, and fully oriented" prior to the incident and throughout the trial. Also, the judge noted defendant's assertion of self-defense and mitigating factor number five[1] were inconsistent with a diminished capacity claim. Thus, the judge determined defendant's trial counsel was not ineffective based on the evidence presented.

We also reject defendant's assertion his trial counsel was ineffective in failing to call defendant's wife as a character witness. Our review uncovers nothing in the record to support that defendant's wife witnessed any prior encounters between defendant and the victim. Nor was there a certification provided by defendant's wife in support of PCR. Moreover, defendant's lawyer did present a character witness—defendant's best friend—during trial.

In short, defendant asks us to speculate, and he relies on bald contentions that are not supported by the record. See State v. Jones, 219 N.J. 298, 311-12 (2014) (quoting Porter, 216 N.J. at 355) (noting that a claim of ineffective assistance of counsel will not entitle a PCR petitioner to an evidentiary hearing where petitioner makes "bald assertions" and does not allege "facts sufficient to

---

[1] "The victim of the defendant's conduct induced or facilitated its commission." N.J.S.A. 2C:44-1(b)(5).

A-0983-22

demonstrate counsel's alleged substandard performance"); Porter, 216 N.J. at 355 (quoting State v. Marshall, 148 N.J. 89, 158 (1997)) (noting that a defendant is not entitled to an evidentiary hearing where allegations of ineffective assistance of counsel are "'too vague, conclusory, or speculative'" and not supported by "specific facts and evidence"); State v. Young, 474 N.J. Super. 507, 516 (App. Div. 2023) (explaining that "[b]ald assertions are insufficient to establish a prima facie case of ineffective assistance of counsel").

To the extent we have not addressed defendant's remaining arguments, we are satisfied they are without sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION